#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
#### OXFORD DIVISION

**ROBERT MOLLENTZE**                                                                  **PLAINTIFF**

**V.**                                                                                **NO: 3:22-cv-240**

**ROBINSON PROPERTY GROUP, et al.**                              **DEFENDANTS**

#### OPINION AND ORDER

This is a premises liability case. The Court has jurisdiction based on diversity of citizenship. The matter is before the Court on Plaintiff Robert Mollentze's Motion for Partial Summary Judgment (ECF No. 51) and Defendant Robinson Property Group, LLC's ("Robinson") Motion for Summary Judgment (ECF No. 62). The motions are fully briefed, and the Court has thoroughly reviewed the record and carefully considered the applicable law. This is the decision of the Court.

#### Background

On the evening of October 15th, 2019, Plaintiff Robert Mollentze and his wife, Ellena Baran, checked into the Horseshoe Casino hotel and were placed in Room 1507, a one-bedroom, one and a half-bath suite on the fifteenth floor.[1] The bedroom and full bath are situated on one side, and a sitting room with a half bath on the other. A white marble tile floor beside the half bath leads to the front door. Sometime after 11:30 p.m., Mr. Mollentze and Ms. Baran left the room to have dinner, after which Mr. Mollentze returned to the room. Ms. Baran spent several hours in the

---

[1] There is little dispute about the bare factual background of the case, but the parties dispute the weight to give and inferences to draw from the facts. In analyzing each of the parties' motions, the Court considers the facts in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. The Court is making no factual findings at this stage.

casino, returning to the room around 5:30 a.m. She did not observe any water on the tile floor or any sign of a plumbing issue in or near the half bath at that time. She went to bed.

Video footage depicts what happened in the hallway between Room 1506 and 1507 over the next few hours and bespeaks plumbing problems in the area. (ECF No. 51, Ex. A). Employees come and go repeatedly from Room 1506. At 12:42 p.m., Mr. Hawkins, a butler on the 15th floor and Ms. Davis, a housekeeper on duty, enter and emerge from Room 1506. Approximately half an hour later, at 1:14 p.m., hotel employee Reginald Hodges approaches and enters Room 1506 with what appears to be a plunger in hand, and he leaves the room only two minutes later. Mr. Hawkins and another individual, Mr. Dye, approach Room 1506 with a large wheeled empty wastebin at 1:43 p.m. Two minutes later, Mr. Dye exits the room, wheeling the bin, which now contains what appear to be wet towels. At 1:49 p.m., Mr. Dye returns to Room 1506 with an armful of towels or other linens. At 2:27 p.m., Mr. Hawkins returns to Room 1506. At 3:03, water seeping from underneath the door of Room 1507 begins to appear. For the next few minutes, the flow water from Room 1507 into the hallway rapidly increases and pools. The video reflects Mr. Hawkins and Ms. Davis soon approaching Room 1506 and Room 1507 and discovering water pouring from beneath the door of Room 1507.

Mr. Hawkins thought perhaps a pipe had burst. He knocked on the door of Room 1507 and attempted to use a card key to open the door, but a deadbolt held the door in place. Mr. Hawkins and Ms. Davis wanted to alert the occupants that water was flooding out of the room, and Mr. Hawkins continued to knock on the door. Mr. Hawkins also called his supervisor and the hotel manager on duty, and Ms. Davis called her manager to report the situation. No one attempted to telephone Mr. Mollentze and Ms. Baran.

2

Mr. Mollentze and Ms. Baran had been sleeping in their darkened hotel room for much of the day and were still asleep when water began running out from under the door of their room and into the 15th floor hallway. Mr. Mollentze awoke as he heard Mr. Hawkins knocking on the door. Still drowsy, Mr. Mollentze went to answer the door, and he did not see that water had pooled in the white tile hallway leading to the door. He slipped and fell on his right side. Mr. Mollentze states that the fall caused injuries to his shoulder, head, hip, knee, and back. He stood up again, made his way the rest of the way down the hallway, and opened the door. Mr. Hawkins and Ms. Davis spoke with him, and more staff arrived at the scene, as water continued to pour forth. Upon entering Room 1507, hotel employees found that the toilet in the half bath was clogged and overflowing.

Mr. Mollentze filed this lawsuit in the Circuit Court of Tunica County, Mississippi, on September 26, 2022, and Defendants removed the case on November 8, 2022. Mr. Mollentze alleges that Defendant Robinson's negligence and gross negligence caused his injuries, and he contends that he is entitled to compensatory and punitive damages. Mr. Mollentze now seeks partial summary judgment on the issue of liability. (ECF No. 51). Defendant Robinson seeks summary judgment in its favor. (ECF No. 62).

**Legal Standards**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves*

3

*v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 634 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

The Court has jurisdiction based on diversity of citizenship, and so Mississippi substantive law applies in this case. *See Chambliss v. Wal-Mart Stores, Inc.*, No. 1:14-cv-36, 2015 WL 5009698, *8 (S.D. Miss. Aug. 21, 2015); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Premises liability analysis under Mississippi law requires three determinations: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Cox v. Wal-Mart Stores East, L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (quotation marks omitted). All agree that Mr. Mollentze's status when the incident occurred was that of a business invitee. "While a premises owner is not an insurer of the safety of invitees, the premises owner does have a duty of reasonable care, to maintain its premises in a reasonably safe condition." *Pigg v. Express Hotel Partners, LLC*, 991 So.2d 1197, 1199 (Miss. 2008). A premises owner's duty to invitees includes a "duty to keep its premises in a reasonably safe condition," and a duty to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover

dangerous conditions existing on the premises." *Id.*, at 1199-1200 (quotation marks omitted). "The breach of either duty supports a claim of negligence." *Id.* at 1200.

## Discussion

Disputes regarding the fair import of material facts preclude summary judgment for either party in this case. Each side adduces evidence that supports its narrative of the case. Plaintiff Mollentze posits that there were plumbing problems on the 15th floor about which the hotel knew or should have known, and which the hotel failed to address; that the water flowing out of Room 1507 evidenced flooding within the room and an obvious risk of a slip and fall on the white marble tile leading to the hallway; and that the hotel should have warned Mr. Mollentze and Ms. Baran by phone instead of drawing them to the door. Defendant asserts that there is no connection between the plumbing in Room 1506 and Room 1507; that hotel staff properly inspected the half bath in Room 1507 before Mr. Mollentze and Ms. Baran checked in; and that Mr. Hawkins and Ms. Davis acted reasonably by knocking on the door of Room 1507 immediately upon discovering the stream of water pouring forth.

The evidentiary record includes, without limitation, video footage of the hallway between Rooms 1506 and 1507 over the course of the hours in question; depositions of Ms. Baran, Mr. Mollentze, Mr. Hawkins, and Ms. Davis; the expert report of Mr. George Fischer concerning hotel operations and management; and training manual excerpts. Material facts in dispute include, without limitation, whether known plumbing problems in Room 1056 contributed to or caused the clogging and flooding in the half bath in Room 1057; whether the half bath in Room 1057 was adequately inspected for plumbing problems; and whether Mr. Hawkins provided an appropriate warning by knocking on the door and calling out to alert the occupants of Room 1507 of potential flooding and slippage. Moreover, reasonableness is a quintessential question of fact. A trier of fact

must determine whether Defendant maintained the premises in a reasonably safe condition and provided adequate warning of dangerous conditions of which it knew or should have known. Summary judgment is not appropriate in this fact-intensive case.

## Conclusion

For these reasons, neither Plaintiff Mollentze nor Defendant Robinson is entitled to the requested relief. Accordingly, Plaintiff Mollentze's Motion for Partial Summary Judgment (ECF No. 51) is **DENIED**, and Defendant Robinson's Motion for Summary Judgment (ECF No. 62) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of December 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**