IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ROBERT MOLLENTZE**                                                                                    **PLAINTIFF**

**V.**                               **NO: 3:22-cv-240 MPM-RP**

**ROBINSON PROPERTY GROUP, LLC,**                                     **DEFENDANTS**
**d/b/a HORSESHOE CASINO, et al.**

**ORDER**

This is a premises liability case involving a slip and fall that occurred in October 2019. Trial is scheduled to begin on May 1, 2024. The matter is before the Court on Defendant Robinson Property Group's ("Robinson") Motions in Limine as to Internal Safety Policies [81] and Evidence Concerning the Clogged Toilet Across the Hall [83]. The motions are fully briefed. Based on all matters of record, this is the decision of the Court.

**Legal Standards**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted). In this context, "[e]vidence should not be excluded . . . unless it is clearly inadmissible on all potential grounds." *Id.* (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)) (emphasis added). Evidentiary rulings "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (*citing Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975)). Moreover, the "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without

the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (quoting *Hawthorne Partners v. AT&T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)).

This Court has previously emphasized that "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011) (emphasis in original); *see also Estate of Wilson v. Mariner Health Care, Inc*., 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) ("[M]otions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection."). Additionally, a motion "set[ting] forth a lengthy laundry list of matters, most of them of a highly vague nature ... constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson*, 2008 WL 5255819, at *1.

With these standards in mind, this court will now consider the parties' motions *in limine*.

### Discussion

1. *Motion in Limine as to Internal Safety Policies*

Robinson moves to exclude the Horseshoe Tunica Emergency Response Plan (ERP) in its entirety from the evidence presented at trial.[1] Robinson contends that the ERP lacks relevance

---

[1] Robinson has withdrawn the portion of this motion seeking exclusion of the Butler's Standard Operating Procedures. [93, PageID.1243].

because it applies to more drastic emergencies than the flooding at issue in this case. Robinson also asserts that consideration of the ERP creates a risk of juror confusion. The Court is not persuaded that categorical exclusion of the ERP is warranted. The request is overbroad. Should Defendant wish to challenge the admission of the specific portions of the ERP Plaintiff attempts to introduce as trial unfolds, of course Defendant may do so, and the Court will rule on specific objections with the context of trial informing its decisions. To the extent Defendant argues that the ERP applies only to certain kinds of emergencies, it is up to the jury to decide whether any portions of the ERP admitted at trial apply to the situation in this case.

2. *Motion in Limine as to Evidence of the Clogged Toilet Across the Hall*

Defendant Robinson seeks exclusion of evidence of a clogged toilet in the suite across the hall from the suite in which Plaintiff Mollentze and his wife stayed. Defendant Robinson states – and Plaintiff Mollentze agrees – that there is little or no evidence that the plumbing problem in the suite across the hall caused the plumbing problem in Plaintiff's suite. According to Defendant Robinson, without evidence that the plumbing problems in one area caused the plumbing problems in the other, evidence of the clogged toilet across the hall is irrelevant and potentially prejudicial. The Court disagrees. Video footage of the hallway during the day of Mr. Mollentze's injury – including, without limitation, footage of staff responding to the plumbing problems across the hall – provides context allowing jurors to see, among other things, what Mr. Hawkins and Ms. Davis saw. The evidence bears on the reasonableness of Defendant's preparation for and response to the plumbing problem at issue in this case. A categorical exclusion of evidence of plumbing problems across the hall is not warranted. Defendant may of course object to specific evidence of the clogged toilet across the hall as trial unfolds, and the Court will rule on specific objections at trial.

## Conclusion

For these reasons, the Court finds that the Motions in Limine [81, 83] are not well-taken.

**ACCORDINGLY, IT IS ORDERED**:

Defendant Robinson Property Group's ("Robinson") Motions in Limine as to Internal Safety Policies [81] and Evidence Concerning the Clogged Toilet Across the Hall [83] are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of April, 2024.

<u>/s/ Michael P. Mills</u>
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI